NOT FOR PUBLICATION

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| EMERSON KNIGHT, | : | |
| | : | Civil Action No. 13-099 |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAYLESS SHOESHOURCE, INC., | : | March 11, 2015 |
| COLLECTIVE BRANDS, INC., AND RUEBEN | : | |
| TORRES, | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before this Court is Defendants Payless ShoeSource, Inc., Collective Brands, Inc. and Rueben Torres's (collectively "Defendants") motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Motion"). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Defendants' motion for partial summary judgment is **GRANTED**.

**I.     FACTUAL HISTORY**

Plaintiff, Emerson Knight, was employed by Payless ShoeSource, Inc. ("Payless") as a retail store manager from 1993 until his termination on September 16, 2011. (Defendants' Statement of Facts ("Defs.' SOF") ¶1.) Prior to working for Payless, Plaintiff was employed as a store manager with another retail store for approximately ten (10) years. (*Id*. at ¶2.) On October 21, 2013, Knight filed a complaint in the United States District Court of New Jersey against Payless

alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. (Compl. ¶ 1.) Plaintiff seeks back and front pay, among other remedies, for his alleged wrongful termination. (*Id.*) Defendants filed this motion for partial summary judgment on the issue of Plaintiff's total failure to meet his legal obligation to mitigate his damages. (ECF No. 56.)

When questioned about his efforts to obtain employment after termination from Payless, Knight answered as follows:

> **Interrogatory No. 9:** Describe in detail your efforts, including the date of each such effort, to find employment from 2009 to the present, including the identity (as defined above) of all persons contacted regarding possible employment, all employment services used, all businesses or individuals to which you submitted job applications or resumes, and the results of each of those efforts.
>
> **Response:** Applications submitted to Home Depot, Windward Passage Hotel and various construction sites.
>
> In 2010, without me soliciting the position Home Depot offered a job as Assistant Manager at 65 hours a week for significantly less pay than my then position at Payless. I interviewed with Home Depot's District Supervisor. I turned the position down.
>
> In January 2012, I applied to Windward Passage Hotel for a position as a Maintenance Manager. At the time there were no vacant positions available.
>
> I applied to the following construction sites:
> MillinerRogers
> Contractor at Walgreens
> Richard Smith, Sr.
> Eveston Gore
> Other Construction Sites

(Defs.' SOF ¶ 3.)

At his deposition, Plaintiff testified that while he actively sought out employment on a weekly basis, he limited his search to positions in the construction industry because he was "out of the retail business." (Plaintiff's Statement of Undisputed Facts ("Pl.'s SOF") p. 4; Defs.' SOF ¶6.) Knight also admitted that approximately one year before his separation from employment

with Payless, he informed at least one of his co-workers of his intention to retire soon. (Defs.' SOF ¶7.)

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

**III.     DISCUSSION**

An employment discrimination plaintiff suing for lost compensation has a duty to mitigate his damages. *Ford Motor Co. v. Equal Employment Opportunity Comm'n*, 458 U.S. 219, 230-34 (1982); 42 U.S.C. § 2000e-5(g)(1). Although the statutory duty to mitigate damages is placed on a Title VII plaintiff, the employer has the burden of proving a failure to mitigate. *See Robinson*, 982 F.2d 892, 897 (3d Cir. 1993); *Anastasio v. Schering Corp.*, 838 F.2d 701, 707-08 (3d Cir. 1988). To meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the Title VII claimant did not exercise reasonable diligence to obtain the

employment. *See Anastasio* 838 F.2d at 708. While an employer generally has the burden of presenting evidence that substantially equivalent work was available, such evidence is irrelevant where "the discriminatees made no search for comparable interim employment." *Tubari, Ltd. v. NLRB*, 959 F.2d 459 (3d Cir. 1992).

Defendant has demonstrated that there is no genuine issue of material fact regarding whether Plaintiff fulfilled his duty to mitigate. Plaintiff argues that granting partial summary judgment would be improper because he pursued all avenues to secure other suitable employment after he was terminated from Payless. (Pl.'s Opp. 3.) However, the standard that a plaintiff must satisfy in order to be entitled to lost compensation in a Title VII claim is not simply to secure suitable employment; rather, an employment discrimination plaintiff must pursue "substantially equivalent" employment. *See Anastasio* 838 F.2d at 708. The record reveals that Plaintiff did not seek "substantially equivalent" employment because instead of pursuing employment opportunities in retail, in which he has twenty-eight years of experience, Plaintiff decided that he was "out of retail" and chose to seek employment in construction.

Plaintiff presents various statistics from a 2013 Virgin Islands Economics Report about the labor decline in the Virgin Islands, however, this evidence is unpersuasive. As the Third Circuit explained in *Tubari*, "while the reasonableness of an employee's efforts in seeking interim employment is normally determined by such factors as the economic climate and the employee's skills, qualifications and age, if the employee has exercised no diligence whatsoever 'the circumstance of scarcity of work and the possibility that none would have been found even with the use of diligence is irrelevant.'" *Tubari*, 959 F.2d at 454 (citing *Lundy Packing Co. v. NLRB*, 856 F.2d 627, 629 (4th Cir. 1989); and quoting *NLRB v. Madison Courier Inc.*, 472 F.2d 1307, 1318 (D.C. Cir. 1972)). Statistical evidence regarding the lack of retail jobs in the Virgin Islands

is irrelevant because Plaintiff made no effort to seek retail employment in either a supervisory or associate role after his termination.

Under the present circumstances, Defendants need not prove the availability of "substantially equivalent" jobs.  Generally, an employer carries the burden of presenting evidence that substantially equivalent work was available, but such evidence is a non-factor where the plaintiff makes no attempts to search for comparable employment. *Tubari,* 959 F.2d at 454.  Plaintiff has not presented persuasive evidence that the construction jobs he sought are "substantially equivalent" to the retail position he held at Payless.

Furthermore, an employer "meets its burden on the mitigation issue by showing that the employee has withdrawn from the employment market." *Tubari,* 959 F.2d at 454.  Plaintiff admitted in his deposition that while he actively sought employment on a weekly basis, he only pursued construction jobs.  By abandoning the retail industry in which he has twenty-eight years of experience in favor of pursuing employment in construction with virtually no demonstrated experience, Plaintiff has essentially "withdrawn from the employment market."

Thus, accepting all factual allegations as true, and construing the complaint in the light most favorable to the Plaintiff, there is no genuine issue of material fact as to whether Plaintiff fulfilled his duty to mitigate under Title VII.  Consequently, this Court grants partial summary judgment to Payless on Plaintiff's claim for front and back pay.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is **GRANTED**.  An order consistent with this opinion follows.

s/ *Susan D. Wigenton*<br>
**SUSAN D. WIGENTON**<br>
**UNITED STATES DISTRICT JUDGE**

cc:   United States Magistrate Judge Ruth Miller